```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**MICHAEL TISSERAND, ET AL.**                              **CIVIL ACTION**
                                                           **NO. 05-6487**
**VERSUS**                                                 **SECTION B(1)**

**KATHLEEN BLANCO, GOVERNOR, ET AL.**

### ORDER

Before the Court is Plaintiffs'[1] Motion for Award of Attorney's Fees and Costs (Rec. Doc. No. 73).  After review of the record, pleadings, and applicable law,

**IT IS ORDERED** that Plaintiffs' Motion is **DENIED**.

### *BACKGROUND*

This case arises out of the recently held New Orleans elections.  Plaintiffs filed suit on December 13, 2005, after the Governor's announcement that Orleans Parish elections were suspended indefinitely.  On February 24, 2006, this Court granted Plaintiffs' Motion to Voluntarily Dismiss with Prejudice Governor Blanco (Rec. Doc. No. 42).  On May 30, 2006, this Court granted Plaintiffs' Motion to Voluntarily Dismiss with Prejudice Secretary of State Ater (Rec. Doc. No. 69).  On June 19, 2006, this Court entered Judgment for Defendants and against Plaintiffs (Rec. Doc. No. 72).  Plaintiffs' now assert they are entitled to attorney's fees as a prevailing party.

---

[1] Unless otherwise noted, "Plaintiffs" herein are the set of Plaintiffs known as the "*Tisserand* Plaintiffs."

***DISCUSSION***

*I. Plaintiffs' Attempt to Recover Attorney's Fees Is Untimely.*

Under Federal Rule of Civil Procedure 54(d)(2)(B), a motion for attorney's fees must be filed *no later than 14 days after entry of judgment* unless otherwise provided by statute or order of the Court.  In the instant matter, Judgment was entered on June 19, 2006 (Rec. Doc. No. 72).  Time periods are calculated under the Federal Rules of Civil Procedure to exclude the date from which time begins to run.  FED. R. CIV. P. 6(a).  The time period includes weekends and holidays unless the time period is less than 11 days, or the final day for filing falls on a weekend or legal holiday.  *Id.*  In the instant case, Plaintiffs had 14 days from June 20, 2006, or until July 5, 2006,[2] to file their Motion.  Plaintiffs did not file their Motion for Attorney's Fees until July 7, 2006.  Thus, unless a statute or order of this Court provides otherwise, Plaintiffs' Motion for Attorney's Fees is timebarred.

Plaintiffs seek attorneys fees pursuant to 42 U.S.C. § 1988(b) and/or 42 U.S.C. § 1973*l*(e).[3]   Neither statute provides

---

[2]By calendar days, Plaintiffs had until July 4, 2006.  However, federal holidays are excluded from the calculation.  Fed. R. Civ. P. 6(a).

[3]Plaintiffs incorrectly claim attorney's fees under 42 U.S.C. § 1983(b) and/or 42 U.S.C. § 1973(e).  The Court cites the correct statutory provisions addressing attorney's fees.

a time period, thus the 14 days specified under Rule 54(d)(2)(B) applies unless a court order provides a different time period.

The Local Rules are a court order within the meaning of Rule 54(d)(2)(B).  *See Walker v. Bogalusa*, 168 F.3d 237, 239 (5th Cir. 1999); *Jones v. Central Bank*, 161 F.3d 311, 312-13 (5th Cir. 1998).  The Local Rules do not adjust the period for filing a motion for attorney's fees.[4]  Plaintiffs contend that irrespective of the Federal Rules of Civil Procedure, they preserved the issue of attorney's fees by raising it in a footnote to the Memorandum.  See Plaintiff's Supplemental

---

[4]The Court acknowledges that some Fifth Circuit cases have found that a party may move for fees within 30 days of receiving judgment pursuant to Local Rule 54.3.  *See Walker v. Bogalusa*, 168 F.3d 237, 239 (5th Cir. 1999); *Jones v. Central Bank*, 161 F.3d 311, 312-13 (5th Cir. 1998).  However, this Court is persuaded by Judge Livaudais' reasoning in *Yousuf v. UHS of De La Ronde, Inc.*,  110 F. Supp. 482, 485-86 (E.D. La. 1999).  In *Yousuf*, Judge Livaudais noted that Local Rule 54.2 addresses attorney's fees, but provides no time period in which to file such motion.  Judge Livaudais observed that those Fifth Circuit cases allowing 30 days pursuant to Local Rule 54.3 failed to discuss whether Local Rule 54.3's reference to "costs" encompassed attorney's fees.  Judge Livaudais rightly concluded:

> To the extent the two Fifth Circuit decisions conflict with this finding, the Court concludes that they did not consider the issue raised here, but merely assumed that fees were within the purview of the rule and pondered the question whether a Local Rule satisfied the "otherwise provided clause" of Rule 54(d)(2) of the Federal Rules.  To the extent *Jones* and *Walker* stands for this proposition, the Court readily agrees.

*Id.* at 486.
   The Court further notes that the Local Rules do extend the filing time for costs, so addresses Plaintiffs' requests for costs in a subsequent section of this Opinion.

Memorandum in Support of Motion for Award of Attorney's Fees and Costs. The Court is not convinced the mention in a footnote is sufficient, particularly as neither the footnote nor its request to preserve the issue were incorporated into the Order signed by this Court dismissing the case. Thus, the 14-day period specified in Federal Rule of Civil Procedure 54(d)(2)(B) applies, and accordingly Plaintiffs' request for attorney's fees is time-barred. However, even if this Court were to find the request timely, it would be denied for the reasons discussed below.

*II. Plaintiffs' Are Not Entitled to Attorney's Fees or Costs.*

Under Federal Rule of Civil Procedure 54, a prevailing party may recover costs and attorney's fees. FED. R. CIV. P. 54 (d)(1)-(2). The Local Rules do not upset these provisions with respect to the instant case, except that Local Rule 54.3 allows a prevailing party 30 days after receiving notice of judgment to file a memorandum concerning costs.[5] The key determination in the instant case is whether Plaintiffs may be deemed prevailing parties in the instant case.

Plaintiffs seek attorney's fees and costs as prevailing parties under 42 U.S.C. § 1988(b) and/or 42 U.S.C. § 1973*l*(e). The term prevailing parties "carries the same general meaning

---

[5] Local Rule 54.1 addressed juror costs when a civil action is set for a jury trial. No jury trial was ever set in the instant matter, and thus Local Rule 54.1 does not apply to the instant matter.

under both acts." *Posada v. Lamb County*, 716 F.2d 1066, 1071 (5th Cir. 1983) (citing S. Rep. No. 295, 94th Cong., 1st Sess. 40(1974), *reprinted in* 1975 U.S.C.C.A.N. 774, 807; *Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 (1983); *Comm'rs of Medina County v. United States*, 683 F.2d 435, 440 n.6 (D.C. Cir. 1982); *Bly v. McLeod*, 605 F.23d 134, 138-39 (4th Cir. 1979); *Caserta v. Kelly*, 507 F. Supp. 561, 563 (S.D. Tex. 1981)(three-judge court)). The term prevailing parties is a legal term of art. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001). A prevailing party "has been awarded some relief by the court." *Id.* The United States Supreme Court clarified that a prevailing party is one who obtained a judgment on the merits, a settlement enforceable through a consent degree, or otherwise obtained a court-ordered change in the legal relationship between the parties. *Id.* at 604-05.

   *Tisserand* Plaintiffs in the instant matter are not prevailing parties. On June 14, 2006, this Court entered a Judgment dismissing all Plaintiffs' claims with prejudice (Rec. Doc. No. 72). Plaintiffs have no settlement agreement enforceable through a consent decree. Plaintiffs obtained no court-ordered change in the legal relationship between the parties. *Tisserand* Plaintiffs' counsel vehemently opposed consolidating the three voting rights cases filed in regards to the elections at issue. Said counsel strenuously fought against

the Court's initial directive to have parties work with the legislative committees that were about to consider proposals affecting the elections at issue. *Tisserand* Plaintiffs appear to argue that because they wanted the elections to be set and elections were subsequently set, they are entitled to fees and costs. Plaintiffs appear to forget that their "requested relief" did not occur through operation of this Court. Further, the Court reminds Plaintiffs that it specifically refused to adopt their proposed election dates, finding, "The dates proposed by the *Tisserand* Plaintiffs for elections on March 23, 2006 and April 22, 2006, are unreasonable and would probably lead to voter disenfranchisement." *Tisserand* Plaintiffs are unable to satisfy even a generous definition of prevailing party and are thus not entitled to recover attorney's fees or costs.

For the reasons stated above,

**IT IS ORDERED** that Plaintiffs' Motion for Award of Attorney's Fees and Costs (Rec. Doc. No. 73) is **DENIED.**

New Orleans, Louisiana, this 17th day of August, 2006.

UNITED STATES DISTRICT JUDGE